IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES, ) | |
| Plaintiff, ) | |
| v. ) | No. 13 CR 650-1 |
| PALO BROWN, ) | Judge Virginia M. Kendall |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Palo Brown and two co-defendants robbed a jewelry store during which Brown brandished a gun and attempted to steal a car. Brown pled guilty to robbery conspiracy, brandishing a firearm during a crime of violence, and attempted carjacking on March 10, 2015. (Dkt. No. 118.) Brown had received a competency evaluation on November 21, 2014 where the examiner found Brown competent to stand trial or otherwise proceed. (Dkt. No. 151.) On July 31, 2015 Brown moved to withdraw his guilty plea. (Dkt. No. 166.) The Court has not sentenced Brown. Brown now moves to withdraw his guilty plea because he was denied effective assistance of counsel. The Court denies Defendant Palo Brown's motion to withdraw his guilty plea because he has failed to establish that his Sixth Amendment right to effective counsel was violated.

## LEGAL STANDARD

Under Fed. R. Crim. Pro. 11(d)(2)(B), a defendant may withdraw his guilty plea after the Court accepts the plea but before it imposes sentence if he "can show a fair and just reason for requesting the withdrawal." Because the defendant's statements at the plea colloquy are

1

presumed to be true, a defendant bears a heavy burden of persuasion in showing that such a fair and just reason exists. *See United States v. Chavers*, 515 F.3d 722, 724 (7th Cir. 2008).

## **DISCUSSION**

Brown asserts that his guilty plea should be withdrawn because his counsel was ineffective. At his change of plea, the Court found Brown competent to plead guilty. (Dkt. No. 140 at 7.) Brown affirmed that he had read the charges against him and his attorney had explained those charges as well as the nature of the plea agreement. (*Id.* at 7-8.) Brown waived his right to a jury trial and in explaining his trial rights, the Court specifically explained to Brown that he was waiving the right for his attorney "to cross-examine those witnesses, because you have a constitutional right to confront the accusers against you." (*Id.* at 19.) He further agreed that he was satisfied with his attorney representation and that no one was forcing him to enter into the plea agreement. (*Id.* at 7-8; 18.) Brown has presented no evidence to rebut the strong presumption that his statements made during the plea colloquy were true, and thus bears a heavy burden in demonstrating a fair and just reason to withdraw his guilty plea. *See Chavers*, 515 F.3d at 724.

Although ineffective assistance of counsel constitutes a fair and just reason for withdrawing a guilty plea, Brown received effective assistance of counsel and therefore his motion to withdraw his guilty plea is denied. *See United States v. Peleti*, 576 F.3d 377, 383 (7th Cir. 2009). "To demonstrate ineffective assistance in this context, a defendant must show both that counsel's performance was objectively unreasonable and that, but for counsel's errors, the defendant would not have pled guilty." *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007). In particular, Brown must present objective evidence that he would not have pled guilty, and not simply argue "that he would have insisted on going to trial." *United States v. Cieslowki*,

410 F.3d 353, 359 (7th Cir. 2005). Here, Brown entered into a plea agreement that substantially reduced his exposure to a significantly high sentence, calmly discussed his satisfaction with his attorney at the change of plea hearing, and faces a significantly increased sentence if convicted at trial – all factors that show that his attorney's advice was effective and that Brown voluntarily entered into his plea agreement.

I.   Counsel's Failure to Impeach Co-Defendant DeSilvia[1]

Brown argues that the Court should withdraw his guilty plea because his counsel was ineffective for failing to attack the credibility of his co-defendant, Felice DeSilvia. (Dkt. No. 137.) DeSilvia, however, pled guilty and agreed to cooperate against Brown. Brown now argues that somehow DeSilvia's history of mental illness shows that his lawyer was ineffective in that he did not investigate this evidence nor cross examine DeSilvia about it. (Dkt. Nos. 161, 165, 166.) Of course, there was no opportunity for Brown's lawyer to cross-examine DeSilvia at her change of plea hearing. Brown has no right to challenge DeSilvia's statement given to the Government at that stage. If he had chosen to proceed to trial, Brown's counsel could have cross-examined DeSilvia about her testimony, but at this stage, there is no opportunity to do so. Brown's lawyer instead advised his client to plead guilty after reviewing the evidence against Brown.

Brown seems to suggest that there is evidence that his attorney could have used against DeSilvia (namely a phone call in which she discussed her mental health issues) that would have impeached her credibility and therefore, his attorney should have advised him to go to trial rather

---

[1] Brown also argues that his guilty plea should be withdrawn because his counsel did not seek to dismiss the superseding indictment because the Government presented evidence of DeSilvia's mental illness to the grand jury. (Dkt. No. 137.) But Brown's counsel reasonably chose not to do so because an indictment cannot be challenged based on the Government's failure to inform the grand jury of a witness's credibility. *See United States v. Sweeney*, 688 F.2d 1131, 1139. His counsel was thus effective and this argument provides no basis for withdrawing a guilty plea.

than plead guilty. Yet, based on the Court's review of the three plea agreements that were entered into in this case, DeSilvia's testimony is only one piece of the evidence against Brown. Other witnesses and other pieces of evidence would have been presented to show his involvement in numerous robberies. The impeachment of DeSilvia due to her mental health history would be placed against the plethora of other incriminating evidence presented by the Government. *See Peleti*, 576 F.3d 377, 384 (counsel not ineffective and guilty plea not be withdrawn even though counsel did not investigate past the Government's evidence because the Government had a "devastating case" against the defendant and so counsel reasonably concluded that further investigation was unlikely to reveal exonerating evidence); *United States v. Messino*, 55 F.3d 1241, 1253 (7th Cir. 1995) (counsel was effective where he encouraged defendant to plea and did not search for exculpatory evidence because recordings obtained by the Government "speak for themselves" that the defendant committed the crimes).

Brown's ineffective assistance of counsel claim is also belied by his stated satisfaction with his counsel's representation, which he attested to at the plea colloquy. (Dkt. No. 140 at 7-8); *see United States v. Trussel*, 961 F.2d 685, 689 (7th Cir. 1992) ("voluntariness and lack of confusion" and "[r]ational conduct" indicate that no fair and just reason exists for withdrawing a plea); *Peleti*, 576 F.3d at 384 (defendant's stated satisfaction with counsel considered as further support for denying motion to withdraw guilty plea). Specifically, at the plea colloquy Brown made the following affirmations:

> THE COURT: Have you had a chance to go over this 29-page document with Mr. Aron?
> BROWN: A couple of times.
> THE COURT: A couple times? Okay. Did you ask him questions?
> BROWN: Multiple.
> THE COURT: And did he answer those questions?
> BROWN: Yes.

4

> THE COURT: Do you think you've had enough time to go through this document with Mr. Aron?
> BROWN: Yeah.
> THE COURT: Okay. Are you satisfied with his representation of you?
> BROWN: Yes, ma'am.

(Dkt. No. 140 at 7-8.) Furthermore, his counsel arranged a plea agreement under which the Government dropped seven charged counts including three of the four gun counts. (Dkt. No. 119 at 2.) By negotiating the dismissal of those three gun counts, Brown's counsel lowered Brown's sentencing guidelines range for the remaining gun count from a mandatory minimum consecutive term of 82 years imprisonment, to a mandatory minimum term of seven year imprisonment served consecutive to the punishment issued for the other two offenses. *See* 18 U.S.C. § 924(c)(1)(A)(ii) & (C)(i). His counsel thus enabled him to avoid a potential lifetime sentence and gave reasonable advice to avoid trial in light of the looming sentencing guidelines. The Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Brown has failed to disprove this presumption where his counsel made the reasonable professional decision to negotiate a plea agreement that eliminated significant years of imprisonment from Brown's sentence instead of going to trial to challenge overwhelming evidence of guilt with only one piece of potential impeachment evidence. His counsel accordingly was effective under the Sixth Amendment.

## II. Counsel's Failure to Challenge the Court's Subject Matter Jurisdiction

Brown proposes that his counsel was ineffective for failing to object to the Court's subject matter jurisdiction over Brown. (Dkt. No. 166 at 5; 190; 191.) Brown's arguments that the Court lacks jurisdiction over him are frivolous, devoid of value, and meritless. *See United States v. Jonassen*, 759 F.3d 653, 657 n. 2 (7th Cir. 2014) ("sovereign citizen" arguments can

5

take many forms and use many titles, but at their core, "assert that the federal Government is illegitimate and insist that they are not subject to its jurisdiction. The defense has 'no conceivable validity in American law.' ") (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990)); *United States v. Bey*, 569 F. App'x 456, 459 (7th Cir. 2014) (assertions that a defendant is immune from prosecution in federal court are nothing more than "sovereign citizen" defenses). His counsel reasonably determined that objecting to the Court's subject matter jurisdiction was a frivolous argument and therefore represented Brown effectively.

**III.     Counsel's Failure to Raise Arguments of Selective & Vindictive Prosecution**

Brown's final ineffective assistance of counsel argument opines that his counsel violated his Sixth Amendment right to counsel because he did not argue that the law was selectively enforced against Brown because of his race. (Dkt. Nos. 166 at 5)  To prove selective prosecution, a defendant must demonstrate that federal prosecutorial policy had a discriminatory effect and was motivated by a discriminatory purpose. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996).  Vindictive prosecution occurs when the Government "pursues prosecution in retaliation for the exercise of a protected statutory or constitutional right." *See United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003).  Brown's counsel exercised reasonable professional judgment when declining to bring such claims because there is no evidence supporting either.  Regarding selective prosecution, to prove discriminatory effect, Brown must show that the law was enforced against him but not against similarly situated individuals of other races. *See United States v. Barlow*, 310 F.3d 1007, 1010 (7th Cir. 2002).  One of Brown's co-defendants is white, the other is Latina, which negates any argument that the law was applied based on a racial animus to Brown because he is black, but not to other similarly situated individuals. He has advanced no other evidence of a discriminatory effect.  Thus, Brown has

6

failed to show that his counsel was ineffective for failing to raise a selective prosecution claim. Similarly, in terms of whether Brown's counsel exercised reasonable professional judgment by not arguing that he was prosecuted vindictively, Brown has provided no evidence that he was prosecuted in retaliation for exercising a statutory or constitutional right. *See Falcon*, 347 F.3d at 1004. Accordingly, Brown's counsel did not violate his Sixth Amendment right to counsel by declining to argue that he was selectively prosecuted.

Brown has presented no objective evidence that he would not have pled guilty but for his counsel's performance, and thus the Court denies his motion to withdraw his guilty plea based on ineffective assistance of counsel.[2]

## **CONCLUSION**

The Court denies Brown's motion to withdraw his guilty plea because he was not denied effective assistance of counsel.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: 11/13/2015

---

[2] Brown makes two more arguments. First, he claims that DeSilvia's recorded phone conversation with her mother shows that she lied to the grand jury. (Dkt. No. 166 at 3.) But DeSilvia merely told her mother only that she had not told law enforcement everything at that time, which was more than a year before her grand jury testimony. Because Brown has provided no evidence that her grand jury testimony was false, this argument is meritless. Second, Brown believes that the Court was impartial when it asked the Government to summarize the factual basis for Brown's guilty plea at the change of plea hearing. (*Id*.) To the contrary, by asking the Government to iterate the factual basis for Brown's guilty plea the Court was abiding by Fed. R. Crim. Pro. 11(b)(3) and did not reveal any bias against Brown.

7